**Herman EDELMAN, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 94–3361 (MLP).

United States District Court,
D. New Jersey.

July 14, 1995.

Herman Edelman, pro se prior to June 20, 1995 and Robert A. Solomon, Fricke & Solomon, P.C., Tenafly, NJ, for plaintiff as of June 20, 1995.

Janet S. Nolan, Asst. U.S. Atty., Newark, NJ, for defendant.

## MEMORANDUM

PARELL, District Judge.

This matter is before the Court on motion for summary judgment by plaintiff Herman Edelman and cross-motion for summary judgment by defendant Donna E. Shalala, the Secretary of Health and Human Services. Also before the Court is a motion for class certification by plaintiff. For the following reasons, defendant's motion for summary judgment is granted and plaintiff's motions for summary judgment and for class certification are denied.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Herman Edelman, who was born on October 3, 1931, applied for social security retirement insurance benefits on October 23, 1993.[2] (Pl.'s Br., Appendix at 2) (hereinafter "App."). In an award certificate dated November 12, 1993, plaintiff was informed that he was entitled to such benefits as of November 1993. (App. at 3.) On November 22, 1993, plaintiff appealed this notice of award alleging that his entitlement to benefits should begin in October 1993 rather than in November 1993. (App. at 4.) In a letter to plaintiff dated December 15, 1993 from Anne Jacobsky, the Assistant Regional Commissioner of the Social Security Administration, the determination by the Secretary that plaintiff's entitlement began in November 1993 was reiterated. (App. at 4.) Upon receipt of this letter, plaintiff requested that his case be re-examined. (App. at 5.) The

---

1. The motion by plaintiff for class certification was filed subsequent to the cross-motions for summary judgment. Since the Court shall grant summary judgment in favor of defendant on the merits of plaintiff's claims in this action, it is unnecessary to decide the motion for class certification.

2. Plaintiff's 62nd birthday was on October 3, 1993.

Secretary's determination was thereafter re-examined and was affirmed on February 25, 1994. (Tr. 8–10.)

On September 23, 1994, the parties stipulated to an expedited appeals process, (Tr. 1–3), and in accordance with the terms of this stipulation, plaintiff filed this civil action wherein he asserts that he is entitled to social security retirement insurance benefits for the month of October 1993. Shortly thereafter, plaintiff filed a motion for summary judgment. Defendant filed a cross-motion for summary judgment seeking an affirmance of her final decision that plaintiff is not entitled to receive benefits for the month of October 1993. Plaintiff subsequently filed a motion for class certification.

## DISCUSSION

A court shall enter summary judgment under Federal Rule of Civil Procedure 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In order to defeat a motion for summary judgment, the opposing party must establish that a genuine issue of material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir.1985), *cert. denied*, 475 U.S. 1013, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986). A nonmoving party may not rely on mere allegations; it must present actual evidence that creates a genuine issue

of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citing *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)); *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir.1990). Issues of fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510.[3]

Section 202(a) of the Social Security Act ("The Act"), codified at 42 U.S.C. § 402(a), establishes the eligibility requirements for individuals seeking early retirement insurance benefits: an individual must be insured, have attained age sixty two and have filed an application for such benefits. 42 U.S.C. § 402(a). Section 202(a) was amended in 1981 by the Omnibus Budget Reconciliation Act ("OBRA"), Pub.L. No. 97–35, Section 2203, effective August 1981, and now provides that entitlement to retirement benefits for workers retiring at age sixty two begins with the first month *"throughout which"* the individual meets all the requirements for eligibility, including attainment of age sixty two.[4] Under prior law, an individual could receive benefits beginning with the first month *"within which"* all of the eligibility requirements were met.

It is the Secretary's position that the amendment to section 202(a), accomplished by OBRA and effective as of August 1981,[5]

---

**3.** Plaintiff has agreed to accept the factual determination of the Secretary as contained in the Notice of Reconsideration dated February 25, 1994. Thus, the only issue to be determined by this Court is whether the Secretary erred as a matter of law in finding that plaintiff was not entitled to benefits for the month of October 1993.

**4.** Plaintiff alleges that the amendment to section 202(a) of the Act was ineffective because no such section existed in the United States Code at the time of said enactment. Plaintiff's argument fails because section 202(a) of the Social Security Act is codified in the United States Code at 42 U.S.C. § 402(a). The fact that OBRA referred to section 202(a) and not to 42 U.S.C. § 402(a) does not render the amendment ineffective.

**5.** Plaintiff alleged in his initial brief in support of his motion for summary judgment that 20 C.F.R.

§ 404.311, the regulation which provides for when entitlement to retirement benefits begins and ends, fails to comply with the notice, comment and publication requirements of the Administrative Procedure Act. As subsequently conceded by plaintiff in his reply brief, this allegation is without merit because, as pointed out by the Secretary, notice of this proposed regulation was published in the Federal Register on July 29, 1982 and provided that comments would be considered through September 27 1982, a sixty day period. 47 Fed.Reg. 148 (1982) (to be codified at 20 C.F.R. part 404).

However, in his reply brief, plaintiff makes the new assertion that the Secretary violated 5 U.S.C. § 553(d) by failing to publish the final rule contained in 48 Fed.Reg. 21924–25 (20 C.F.R. Part 404) not less than 30 days before its effective date. The final rule set forth in 48 Fed.Reg. 21924–25 implements, in part, section

mandates that an individual be age sixty two for the entire month in which he was born in order to receive benefits for that month. Plaintiff contends that the change in the Act does not affect the month in which benefits begin and that an individual is entitled to benefits for the month of his 62nd birthday regardless of the particular day on which he happened to be born during that month.

■ It is clear to this Court that one of the purposes of Congress in amending the Act was, as the Secretary has found, to change the first month for which an individual who reaches the age of sixty two becomes eligible for retirement benefits. That this was the intention of Congress is specifically evidenced by the substitution of the word "throughout" in place of the word "within." A requirement that an individual attain the age of sixty two "within" a given month in order to be entitled to benefits for that month is clearly distinguishable from a requirement that an individual be of the age sixty two "throughout" a given month in order to be entitled to benefits for that month. *See Current v. Bowen*, No. 88–954, 1989 WL 79483 (E.D.N.Y. July 5, 1989).[6] Thus, the amendment to section 202(a) clearly does cause a change in the month within

which an individual who reaches the age of sixty two becomes eligible to receive benefits.

However, plaintiff further alleges that the Secretary's interpretation or construction of section 202(a) of the Act, specifically her interpretation of the language "throughout which," is arbitrary and capricious and, as such, is invalid.

The Supreme Court in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), set forth the framework for judicial review of an agency's construction of a statute which the agency is responsible for implementing and administering:

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court simply does not impose its own construction on the statute, as would be necessary in the absence of an adminis-

2203 of Pub.L. 97–35, which contains the statutory amendment at issue here. Notwithstanding that this argument is made for the first time in plaintiff's reply brief, the argument nevertheless fails. As expressly noted in this final rule: "These rules are effective May 16, 1983, but the statutory changes which the regulations reflect are generally effective on earlier dates." Thus, the statutory change in question, changing the words "within which" to "throughout which," became effective in August 1981 and the implementing regulation does not impact on this effective date.

**6.** Furthermore, to the extent that plaintiff asserts a constitutional challenge to section 202(a) of the Act as amended, the challenge is without merit. As was held by the court in *Current v. Bowen*, there is no constitutional infirmity with respect to this statutory provision:

The statute challenged in this case easily survives rational basis review. Amended section 202(a) of the Act came into law as part of the Omnibus Reconciliation Act, which reflects a general change in federal spending policy and specifically a Congressional desire to preserve the Social Security Trust Fund, consistently

recognized as a wholly legitimate legislative objective. Moreover, Congress's particular decision to initiate retirement benefits the first month throughout which (as opposed to the first month within which) an individual meets the eligibility requirements bears a rational relationship to this objective. In addition, since the Social Security system is "an exercise in governmental administration ... of unprecedented dimension," it could not function without the drawing of some lines, despite the seemingly arbitrary result in an occasional case. This overriding need [to] keep the system administrable clearly justifies Congress's decision not to implement a more precise scheme, such as one providing for a pro rated first month benefit, with eligibility beginning on an individual's actual birthday. In short, it is perfectly rational for Congress to decide that changes in eligibility status be recognized only in monthly intervals.

*Current v. Bowen*, 1989 WL 79483 at *5 (citations omitted); *see also Dandridge v. Williams*, 397 U.S. 471, 485–87, 90 S.Ct. 1153, 1161–63, 25 L.Ed.2d 491 (1970) (relevant constitutional inquiry is whether the statutory classification is rationally related to a legitimate legislative objective).

trative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

"The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz,* 415 U.S. 199, 231 [94 S.Ct. 1055, 1072, 39 L.Ed.2d 270] (1974). If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. Sometimes the legislative delegation to an agency on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

*Id.,* 467 U.S. at 842–44, 104 S.Ct. at 2781–82. Thus, "the courts must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program," *INS v. Cardoza–Fonseca,* 480 U.S. 421, 448, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987) (citations omitted), unless that interpretation is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron,* 467 U.S. at 844, 104 S.Ct. at 2782. Accordingly, this Court must uphold the Secretary's interpretation of the Act so long as it is not arbitrary or capricious.

The Social Security Administrations Program Operations Manual System ("POMS") provides that an individual shall be deemed to have attained a certain age on the day before his birthday. Since, according to POMS, an individual is deemed to attain a particular age on the day before his actual birthday, an individual born on the first or second day of the month could be entitled to retirement benefits for the month of his or her 62nd birthday. Birth on any other day of the month would preclude entitlement for the month in which the birth occurs since the individual would not be age sixty two for that entire month. (App. at 9.) This Court must determine whether this construction of 42 U.S.C. § 402(a) by the Secretary is permissible.

While it may be correct, as asserted by plaintiff, that the Secretary's interpretation of section 202(a) of the Act discriminates between persons born on the first or second of the month and persons born on the remaining days of the month, not all discrimination is unlawful. As the court in *Current* held, "governmental line-drawing is not unconstitutionally arbitrary merely because of the inevitable perception, particularly by those nearest the boundary, that the line should have been drawn elsewhere." *Current,* 1989 WL 79483 at *4.

The Supreme Court in *Califano v. Boles,* 443 U.S. 282, 99 S.Ct. 2767, 61 L.Ed.2d 541 (1979), has addressed the particular problem of categorization in the context of the Social Security Act:

The process of categorization presents the difficulties inherent in any line-drawing exercise where the draftsman confronts a universe of potential beneficiaries with different histories and distinct needs. He strives for a level of generality that is administratively practicable with full appreciation that the included class has members whose "needs" upon a statutorily defined occurrence may not be as marked as those of isolated individuals outside the classification. "General rules are essential if a fund of this magnitude is to be administered with a modicum of efficiency, even though such rules inevitably produce seemingly arbitrary consequences in some individual cases."

*Id.* at 284, 99 S.Ct. at 2769–70 (citing *Califano v. Jobst,* 434 U.S. 47, 53, 98 S.Ct. 95, 99, 54 L.Ed.2d 228 (1977)).

This Court concludes that the Secretary's construction and interpretation of the language "throughout which," is not arbitrary and capricious and, therefore, this Court defers to the Secretary's interpretation. Accordingly, the determination that plaintiff was not entitled to retirement benefits for

October 1993 is valid and will be affirmed by this Court.

■ Plaintiff further contends that Section 2203(a) of Pub.L. No. 97–35 was passed in violation of Article I, Section 7, Clause 1 of the United States Constitution.[7] Plaintiff appears to argue that Section 2203(a) is not a revenue raising bill, and that it therefore impermissibly amended the Social Security Act because it deprived the Senate of the right to originate legislation concerning social security benefits. However, courts rarely consider claims challenging the propriety of the origination of a bill within Congress. As stated by the court in *United States v. Madison,* 712 F.Supp. 1379 (W.D.Wisc.1989):

> Questions about the actual origination of legislation or legislative concepts, or adoption of such legislation, and the manner in which defects in origination may be remedied, if at all, are political questions best left to the legislature to resolve.

The Court of Appeals for the Fifth Circuit made the same point in declining to attempt a definition of "revenue-raising legislation." *Texas Ass'n of Concerned Taxpayers, Inc. v. United States,* 772 F.2d 163, 166 (5th Cir.1985): "Judicial second-guessing of the meaning of the origination clause would also inherently express a 'lack of respect due [a] coordinate [branch] of government.' *Baker [v. Carr],* 369 U.S. [186] at 217 [82 S.Ct. at 691, 710, 7 L.Ed.2d 663 (1962) ]."

> There is no obvious need for judicial intrusion in origination clause questions. The "House is certainly aware of its constitutional prerogatives ..." *Texas Ass'n of Concerned Taxpayers,* 772 F.2d at 166. It has reliable mechanisms for protecting those prerogatives, of which the most effective is the simple option of refusing to approve any revenue-raising legislation that it does not originate.

*Id.,* 712 F.Supp. at 1383–84.

Accordingly, this Court declines to decide the question presented by plaintiff challenging the origination of Section 2203(a) of Pub.L. No. 97–35, because such a question is political in nature and any defects in origination are properly remedied or resolved by Congress as the legislative branch, not by this Court.

For the foregoing reasons, defendant's motion for summary judgment shall be granted and plaintiff's motions for summary judgment and for class certification shall be denied.

An Order accompanies this Memorandum.

## ORDER

This matter having come before the Court on motion for summary judgment by plaintiff Herman Edelman, on cross-motion for summary judgment by defendant Donna E. Shalala, the Secretary of Health and Human Services, and on motion for class certification by plaintiff, and for the reasons stated in the accompanying Memorandum;

**IT IS ORDERED** that the motion for summary judgment by plaintiff Herman Edelman is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the motion for class certification by plaintiff Herman Edelman is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the cross-motion for summary judgment by defendant Donna E. Shalala, the Secretary of Health and Human Services, is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that the decision of the Secretary denying plaintiff retirement insurance benefits for the month of October 1993 is hereby **AFFIRMED** and this action is hereby **DISMISSED.**

---

7. Article I, Section 7, Clause 1 of the United States Constitution provides:

All Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills.